## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **LORENZO HUDSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | |
| **BAMA CONCRETE** ) | |
| ) | **Jury Trial Demanded** |
| **Defendant.** ) | |

## COMPLAINT

### I.   JURISDICTION

1. This is a suit authorized and instituted pursuant to the ADA Amendments Act of 2008 ("ADAAA"). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332,1343(3) and (4), 1658 and 2201 and 2202.

2. The discriminatory employment actions complained of herein were committed, and/or are being committed, within the State of Alabama.

### II   ADMINISTRATIVE EXHAUSTION

3. The Plaintiff, Lorenzo Hudson (hereinafter "Hudson" or "Plaintiff") filed a Charge of Discrimination (420-2018-01891) on or about April 2, 2018, with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant, Bama Concrete (hereinafter "Defendant"), within 180 days of the occurrence of the last discriminatory act.

4. On December 6, 2018, the EEOC issued Hudson a Dismissal and Notice of Right to Sue. Hudson is filing this lawsuit less than ninety (90) days after receiving his Dismissal and Notice of Right to Sue from the EEOC.

## III.  PARTIES

5. Plaintiff, Lorenzo Hudson, is a citizen of the United States and a resident of the State of Alabama. He has been diagnosed with bipolar disorder.

6. Mr. Hudson's bipolar diagnosis impacts the "major life activities" of caring for himself, sleeping, concentrating, thinking, communicating, and working." 42 U.S.C.A. § 12102(2)(A). Thus, Mr. Hudson is an individual with a disability in that he has a physical/mental impairment which substantially limits one or more of his major life activities. Mr. Hudson is also perceived as having a disability which substantially limits his ability to work and has a history of such a disability.

7. Defendant is a concrete company that provides materials to build roads and streets, buildings, and parking lots to its customers. At all times material to this action, the Defendant has employed fifteen (15) or more employees for each working day of twenty (20) or more calendar weeks and is an employer within the meaning of the ADAAA.

## IV.  FACTS

8.  The Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out in specific detail herein below.

9.  Hudson was originally hired by the Defendant on or about November 30, 2017, as a Cement Mixer Driver.  Hudson suffers from bipolar disorder.

10.  On February 28, 2018, Mr. Hudson suffered a manic episode while at work which resulted in him being taken from work and eventually hospitalized.  Mr. Hudson was hospitalized from February 28, 2018 to March 6, 2018.

11.  On March 6, 2018, Mr. Hudson was released from the hospital with no restrictions.  On that same day he provided the Defendant with a return to work letter given to him by his treating physician.

12.  After submitting the letter, Mr. Hudson was information by Defendant's manager that the company had parted ways with him and his termination was effective March 6, 2018.

13.  Mr. Hudson was terminated because of his disability, bipolar, and its associated effects.

14.  The Defendant never contacted Mr. Hudson to ask whether he could return to work and the next he heard from them was that his employment had been terminated.

15. Mr. Hudson was qualified to perform the duties and responsibilities of his position with or without a reasonable accommodation.

16. Upon information and belief, the Defendant also terminated Mr. Hudson's employment because it perceived that he was disabled in violation of the ADA Amendments Act of 2008 [ADAAA].

17. The Defendant did not engage in the "interactive process" to assess whether Mr. Hudson needed a reasonable accommodation to keep him employed even though it knew or should have known that he was experiencing workplace problems because of his disability. 29 C.F.R. § 1630.2(o)(3)).

18. As a result of the Defendant's actions, Mr. Hudson has suffered extreme harm, including, but not limited to loss of employment opportunities, compensation, and other benefits of employment, deteriorated health, and has suffered pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## V.  CAUSES OF ACTION

### A.  DISABILITY DISCRIMINATION UNDER THE ADA AMENDMENTS ACT OF 2008

19. Plaintiff restates and incorporates by reference Paragraphs 1-18 above as part of this Count of the Complaint.

20. As stated, Plaintiff is a person with a disability, has a history of

disability and is regarded as disabled. 42 U.S.C. § 12102. The Defendant is an employer and was Plaintiff's employer, under, 42 U.S.C. § 12111(5).

21. As stated, Plaintiff is a person with a disability, has a history of disability and is regarded as disabled. 42 U.S.C. § 12102. The Defendant is an employer and was Plaintiff's employer, under, 42 U.S.C. § 12111(5).

22. Despite Plaintiff's disability, with or without a reasonable accommodation, he was, and is, able to perform the essential functions of a number of jobs, within the Defendant's organization to include Cement Mixer Driver. Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111

23. The Defendant intentionally and with reckless disregard, discriminated against Plaintiff due to his disability and have otherwise classified, and segregated Plaintiff in a way which has adversely affected his job opportunities and status due to his disability, as that term is defined by the ADA. 42 U.S.C. § 12112, 29 C.F.R. 1630.5.

24. The Defendant has also limited Plaintiff and utilized standards, criteria and/or methods of administration which discriminated against him in job selection assignments and job classifications that have the effect of subjecting Plaintiff to discrimination prohibited by the ADAAA. 42 U.S.C. § 12112, 29 C.F.R. 1630.6 and

1630.7.

25. The Defendant's standards, criteria and methods of administration have the effect of discriminating against Plaintiff based on his disability; and they perpetuate discrimination of others who are subject to common administrative control. Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity. 29 C.F.R. 1630.7.

26. The Defendant has also failed to reasonably accommodate Plaintiff and has taken adverse action against Plaintiff due to the need to make a reasonable accommodation. The reasonable accommodation would have caused no undue hardship to the Defendant. 42 U.S.C. § 12112, 29 C.F.R. 1630.9.

27. The Defendant has, too, violated the confidentiality provisions of the ADAAA, 29 C.F.R. 1630.13 and 1630.14 by divulging Plaintiff's confidential medical history to its employees and/or agents.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the Americans with Disabilities Amendments Act of 2008;

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Plaintiff's rights;

3. Enter an Order requiring the Defendant to make the Plaintiff whole by granting him appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal and/or compensatory, liquidated damages, punitive damages, and other benefits of employment; and,

4. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

s/Roderick T. Cooks
Roderick T. Cooks
Lee D. Winston
Charity M. Davis
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com


**DEFENDANT'S ADDRESS:**
BAMA CONCRETE
1608 17th Street
Tuscaloosa, AL 35401
Phone: (205) 345-6622
Fax: (205) 750-0209